# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN FREDERICK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Foreign Corporation d.b.a. TARGET; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:11-cv-00562-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#6;<br>Motion to Enlarge Time<br>for Service of Process–#11) |

　　　　Before the Court is Defendant Target Corporation's **Motion to Dismiss** (#6, filed Apr. 14, 2011) based on untimely service of process. The Court has also considered Plaintiff Susan Frederick's Opposition (#10, filed May 16, 2011), and Target's Reply (#12, filed May 23, 2011).

　　　　Also before the Court is Frederick's **Motion to Enlarge Time for Service of Process** (#11, filed May 16, 2011). The Court has also considered Target's Opposition (#13, filed May 23, 2011). Frederick did not file a Reply.

　　　　This dispute arises out of alleged injuries Frederick suffered in a slip-and-fall accident while shopping at a Target store on November 25, 2008. Frederick filed suit in the Eighth Judicial District Court for the State of Nevada ("State Court") on November 24, 2010. (Dkt. # 6, Mot., Ex. A Compl.) The State Court issued a summons on March 18, 2011, but Frederick did not effectuate service until March 25. (*Id.* Ex. B, C.) Target now argues that this Court should dismiss Frederick's complaint for insufficient service of process. The Court declines to do so.

AO 72
(Rev. 8/82)

Target contends that the Court should apply state law to the question of whether Frederick timely served process and then federal law to determine whether time should be extended citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 n.5 (9th Cir. 1980).  However, the law under either federal or state law is the same practically speaking, *compare* NRCP 4(i) *with* FRCP 4(m), and the result under either rule would also be the same.

Plaintiff has shown sufficient good cause, though just barely, by explaining that he had provided a service agent with the necessary documents and ordered rush service a few days before the deadline to serve process.  The Court is unwilling to dismiss this case, thus subjecting Frederick to a statute of limitations defense, because of two days late service of process.  *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (court's may consider statute of limitations and other prejudices when considering granting a Rule 4(m) extension).  This is particularly so where part of the fault lies with the service agent even though Frederick's counsel should have been more diligent.  This would be unjust and heavily prejudicial to Frederick.  As Frederick has already served process, the Court need not set a specific time frame by which it chooses to enlarge time for service of process.  The Court simply grants the motion to enlarge sufficient to cure the two day late service and denies Target's motion to dismiss.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Target's Motion to Dismiss (#6) is DENIED.

IT IS FURTHER ORDERED that Frederick's Motion to Enlarge Time for Service of Process (#11) is GRANTED.

Dated: August 22, 2011.

_____
**ROGER L. HUNT
United States District Judge**

AO 72
(Rev. 8/82)